(Lucas County Court of Common Pleas.)

THE CITY OF TOLEDO, for the use of JAMES HORAN v. HENRY BARNES ET AL.

*Assessment—Where a city improves a street, part of which is dedicated, and part not dedicated.*

In an action brought by the contractor upon an assessment assessed on the abutting property to pay therefor, against an owner of lots other than the owner of the undedicated portion of the street, it is not a defense to the assessment where said undedicated portion is dedicated for street purposes and an amended assessment made prior to trial had.

(Decided May 16, 1894.)

---

*Stephen Brophy*, for plaintiff, cited:   11 Ohio St. 227 ; 9 Am. Law. Rec. 727 ; 64 N. Y. (Ct. App.) 311 ; 98 N. Y. (Ct. App.) 396.

*I. N. Huntsberger*, for defendants.

HARMON, J.

The contractor, James Horan, commenced an action in the name of the City of Toledo for his use against Henry Barnes, Nettie L. Barnes and Valentine Ketcham to recover upon an assessment upon lots 69 ($47.80), 60 ($35.08), 61 ($35.08), 62 ($35.08), and 64 ($50.60) Cornwall Addition, for grading Third street, from Oak street to Clark street, in East Toledo.   .

The petition set forth the usual averments in a petition of that character, and that Barnes and wife were the owners of said property at the making of the assessment; that Valentine H. Ketcham claimed a lien by way of mortgage on said property, which was inferior to plaintiff's lien, and prayed for a personal judgment against Barnes and wife for the amount of said assessment, including penalty and interest, and a decree for a sale of the lots, and asked that Ketcham be required to set up his lien or be barred, and prayed that the liens be marshaled.

After the making of said original assessment, but before the passage of the amended assessment by said city council hereinafter mentioned, the owner of the undedicated portion of Third street platted his land, and dedicated to public use, for street purposes, the undedicated portion of Third street.

After said dedication, and after the commencement of this suit, the city council of Toledo duly passed an amendment to said original assessment, correcting the description in said assessment of certain lots and lands assessed for said improvement, other than the lots of the defendants, Barnes et al., but in other respects said amended assessment was precisely the same as the original assessment; and plaintiff thereupon filed an amendment to its petition, setting forth this amended assessment.

The defendant, Valentine H. Ketcham, answered by a cross-petition, which set forth his note and mortgage and prayed for a decree, but did not ask for a personal judgment, nor did he deny any of the averments of plaintiff's petition.

The defendants, Barnes and wife, answered, admitting the ownership of the lots and the passage of the legislation, but denied that any lien had been thereby acquired, for the reason that at the time of the passage of the legislation and the making of the assessment, a portion of Third street, as improved, in front of defendant's lots, was not at the passage of the improvement resolution and the improvement ordinance, and the making of said original assessment, a public street, but that it then was in fact private property owned by the abutting owner on the opposite side of the street, the Anderson estate, whose land extended to the front line of one of Barnes' lots, and that said city, in making said improvement, was in fact a trespasser.

And said answer further set forth that lot 64 was a triangular lot, and the assessment thereon exceeded twenty-five (25) per cent. of its value, and prayed that the assessment be abated and be perpetually enjoined, but said nothing about the claim of Ketcham.

Plaintiff replied, denying all the allegations of the answer except the admissions thereof, but made no reference to Ketcham's claim.

The case was tried to the court without a jury.

The court found the value of lot 64 to be $125.00 and abated therefrom $19.40, being the excess of twenty-five (25) per cent. of its value.

The court further found that at the passage of the legislation for Third street, including the passage of the improvement resolution, improvement ordinance, and the making of said original assessment, that a large portion of Third street, including all of the street in front of lot 59 and a portion in front of lots 60 and 61, was private property, but that previous to the passage of said amended assessments the undedicated portion of Third street had been dedicated to public use for street purposes, and that at the time of trial all of Third street as improved was properly dedicated.

The court held the assessment was valid, and rendered a personal judgment against the defendants, Henry Barnes and wife, for $201.84, being the full amount of the assessment upon lots 59, 60, and 61 and 62, with penalty and interest, and also including the assessment, as reduced, on the triangular lot 64, and rendered a decree for a sale of the lots.

NOTE.—This case was afterwards appealed to the circuit court, where the appeal was dismissed, on the ground that the case was not appealable. See 8 C. C. Rep. 684.